Judge Nicholas
delivered the opinion of the Court.
This writ of error is prosecuted to reverse a judgment obtained by Grundy against Edwards in an action on a covenant for the conveyance of the moiety of a tan yard. Judgment went, by default, against Edwards.
On the enquiry as to the damages, after Grundy had read in evidence the covenant, reciting a consideration of six hundred dollars, the court permitted Edwards to prove that the property was at the time of sale of less value than six hundred dollars, and that, according to the agreement and understanding of the parties, the consideration was payable in notes of the Commonwealth’s bank, then at a great depreciation. The court also refused, at the instance of the plaintiff, to instruct the jury that the covenant was conclusive evidence between the parties of what was agreed to be paid, and the jury thereupon found a verdict for Grundy for only #372.
The measure of damages for a breach of a covenant to convey, is the sum paid or agreed to be paid by the covenantee, and not the actual value 0f the property at the date ox the sale. ' lhe sum recited in the covenant, as having been paid or agreed to be paid, must, in the absence of other written evidence, be ever taken and held in a court of com *368 moti law to be the true sum. It was evidently improper in the court to prevent parol testimony to ho used either to shew that the term dollars meant bank paper, or that the covenant did not correctly recito the agreement between the parties as to tlie consideration.
Brown, for plaintiff; Crittenden, for defendant.
Wherefore, judgment reversed, and cause remanded, for further proceedings consistent herewith. Plaintiff in error must recover costs.